United States v. Burke (Barneys)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST
CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley
Square, in the City of New York, on the 25th day of February, two thousand
nineteen.

PRESENT:  AMALYA L. KEARSE,
          DENNIS JACOBS,
          PETER W. HALL,
                  <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
                  <u>Appellee</u>,

          v.                                              17-2339

TIMOTHY W. BURKE, AKA BILL
BURKE, AKA WILLIAM BURKE, AKA
KERRY SAUNDERS, AKA PAT RILEY,

1

AKA JIM CALDWELL, AKA JIM
SAUNDERS, AKA TOM MORRISEY,
AKA JIMMY, AKA PHIL BURKE, AKA
PHIL, AKA BURT, AKA JAMES BURKE,
AKA M. SOLER,

          **Defendant**,


BRADFORD BARNEYS,

          **Defendant-Appellant**.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLEE:** | David T. Huang, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, <u>of counsel</u>), <u>for</u> John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT. |
| **FOR APPELLANT:** | Jeremiah Donovan, Old Saybrook, CT. |

Appeal from an order of the United States District Court for the District of Connecticut (Shea, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On July 17, 2017, Bradford Barneys was convicted, following his plea of guilty in the United States District Court for the District of Connecticut (Shea, <u>J</u>.), on one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349, and was sentenced principally to 30 months' imprisonment.   On

2

appeal, Barneys argues that the 30-month sentence should be vacated for procedural error.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Barneys, who was licensed to practice law in Connecticut, conspired with Timothy Burke to defraud homeowners in various stages of foreclosure. Barneys participated in meetings at his law offices at which Burke falsely represented to homeowners that he would purchase their properties and assume the attendant mortgages and financial obligations.   The homeowners were then presented with (variously) quitclaim deeds, management agreements, indemnification agreements, and third-party authorizations that conveyed their properties to Burke.   Burke, who had no intention of assuming or paying the homeowners' outstanding financial obligations and never recorded himself as the new owner of the properties, rented the properties to tenants for his own enrichment.   The properties were eventually lost in foreclosure with the homeowners still responsible for such charges as taxes and condominium association fees.   Barneys knew that Burke's representations were materially false, but continued to participate in meetings and represent to homeowners that the transactions were legitimate.

In the written plea agreement, the parties disagreed as to whether a two-level enhancement was appropriate under United States Sentencing Guidelines ("Guidelines") § 3A1.1(b)(1), which applies when the defendant knew or should have known that the offense was committed against a "vulnerable victim."   With the two-level enhancement, Barneys had a total offense level of 17, and criminal history category I, corresponding to a sentencing range of 24 to 30 months' imprisonment.   Barneys argued for a total offense level of 15, resulting in a sentencing range of 18 to 24 months.   At sentencing, the district court ruled that a two-level enhancement was appropriate based on its finding that "J.J.S. III" was a vulnerable victim, and sentenced Barneys principally to 30 months' imprisonment.

On appeal, Barneys argues that the § 3A1.1(b)(1) enhancement was procedural error.   "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the

3

Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). Our review for procedural reasonableness is akin to a "'deferential abuse-of-discretion standard.'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (quoting Gall, 552 U.S. at 41).

The Guidelines define "vulnerable victim" as "a person (A) who is a victim of the offense of conviction . . . ; and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S. Sentencing Guidelines Manual § 3A1.1(b) cmt. n.2 (U.S. Sentencing Comm'n 2018). "We review the court's factual finding that a victim was particularly susceptible for clear error." United States v. Patasnik, 89 F.3d 63, 72 (2d Cir. 1996) (internal quotation marks omitted).

Barneys, citing glosses on the meaning of "vulnerable victim" drawn from our decisions, argues that the facts of this case do not show that J.J.S. III was unable to avoid the crime, less likely to thwart the crime than the average person, or in need of greater societal protection. Barneys concedes that J.J.S. III was "undoubtedly susceptible" to the conspiracy because of his choice to purchase a new condominium before selling his existing one, but argues that J.J.S. III was nonetheless able to protect himself from the crime, and therefore was not particularly susceptible under § 3A1.1(b)(1).

We see no clear error. Relying on J.J.S. III's victim impact statement, the court found, inter alia, that: (1) Burke selected the victim because his condominium was in foreclosure; (2) the victim's mortgage was underwater and efforts to arrange a short sale were unsuccessful; (3) the victim's resulting financial distress induced him to respond to Burke's solicitation; and (4) the victim was anxious enough about his financial troubles to place numerous calls to Barneys (all unanswered) attempting to confirm that the transaction would be completed within the promised time. (Barneys falsely assured him that the transaction would be completed in 60 to 90 days.) Accordingly, the court found that J.J.S. III's "financial desperation" caused a "substantial inability to avoid the

4

crime," which "became apparent [to Barneys] at a time when Mr. Barneys could have still done something about the crime."   App. 84.

The district court's determination is squarely aligned with <u>Patasnik</u>, in which we affirmed a vulnerable victim enhancement where financial desperation of victims who were facing foreclosure "made them particularly susceptible to [the defendants'] carefully crafted promises."   89 F.3d at 72 (noting that "[f]alse financial hope is promoted more easily to persons whose defenses have been lowered by anxiety and the prospect of ruin").   Similarly, the enhancement was affirmed in <u>United States v. Borst</u>, on the grounds that victims' "precarious financial situation alone may serve as the sole basis of a § 3A1.1 enhancement," and "[s]uch an enhancement is particularly appropriate when, as in this case, the success of the defendant's criminal scheme depended on the victim's financial desperation."   62 F.3d 43, 47 (2d Cir. 1995).   "The enhancement, in short, is to be applied where an extra measure of deterrence and punishment is necessary because the defendant knew of a victim's substantial inability to avoid the crime." <u>United States v. McCall</u>, 174 F.3d 47, 51 (2d Cir. 1998).

We have considered Barneys's remaining arguments and conclude they are without merit.   The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5